[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the Board of Tax Review for the City of Milford and is taken pursuant to Public Act 91-221.
The plaintiff, Elizabeth W. Sullivan, on October 1, 1991 (the "assessment date"), and at all relevant times herein, was the owner of certain real property located in the City of Milford, County of New Haven and State of Connecticut at 71 Milford Point Road.
The assessor of the City of Milford valued the property on said assessment date as follows:
FAIR MARKET VALUE ASSESSED VALUE (70% OF FMV)
$284,700.00 $199,290.00 CT Page 12365
Pursuant to Section 12-62a(b) of the General Statutes, all property should be assessed for purposes of the local property tax at a uniform rate of seventy percent (70%) of its present true and actual value as determined under Section 12-63 of the General Statutes.
The valuation of the property placed thereon by the assessor was not the percentage of its true and actual fair market value on said assessment date, but was grossly excessive, disproportionate and unlawful.
The plaintiff duly appealed to the Board of Tax Review for the City of Milford claiming to be aggrieved and does claim to be aggrieved by the action of the assessor and offered to be sworn and to answer all questions concerning the property, and a hearing was held thereon.
Subsequent to the hearing, the plaintiff received notice that the Board of Tax Review had revised the valuation of the property, as follows:
FAIR MARKET VALUE ASSESSED VALUE (70% OF FMV)
 Land: $214,400.00 $150,080.00 Bldg: 48,700.00 34,090.00 ----------- ----------- Total: $263,100.00 $184,170.00
The applicant appeals the assessment whereby the assessment exceeded the fair valuation of the property.
The City of Milford denies the allegation and claims that their assessment is the fair value of said property.
"In Connecticut, the power to levy taxes is vested in the General Assembly. . . . In exercising this power, the legislature is given broad discretion, subject only to the constitutional requirements of due process and equal protection. . . . Included within the General Assembly's discretion is the power to authorize municipalities to collect taxes, for example, by granting them a charter. . . . A municipality, as a creation of the state, has no inherent power of its own, . . ., nor does it have any powers of taxation except those expressly granted to it by the legislature. For these reasons, a municipality's powers of CT Page 12366 taxation can be lawfully exercised only in strict conformity to the terms by which they were given; . . .; and statutes conferring authority to tax must be strictly observed. . . ."Pepin v. Danbury, 171 Conn. 74, 82-83, 368 A.2d 88 (1976).
The statute conferring authority upon the City of Milford to lay and collect taxes upon real property is General Statute 12-64. The statute indicates the tax assessor must find a true and actual valuation of any property to be taxed. General Statutes12-63 defines present, true and actual valuation. It encompasses all real property except farm land or forest land or open space land.
The city assessors have been advised to follow a three-step procedure. The first step is to determine the fair value of the property as of the assessment date. Unfortunately, it is difficult to ascertain with one single formula. The assessor utilized all of the three-step procedure. After analysis of comparable sales and market sales and after it was determined that the property has some unique value, the question raised by the appellant is whether the assessor performed his or her duty under the law. The tax assessor's duty by law is to find the present, true and actual valuation of any property to be taxed, taking into consideration the individual characteristics of the subject property. The characteristics the appellant relies upon is the flooding of property under high tide and storm conditions. The court takes this aspect into consideration in relieving some of the tax burden.
The comparable sales offered by both sides give no weight to either side as each has submitted self-serving sales for their own determination.
The dwelling located on the property was not visited by the official assessor and the testimony of the town's appraiser consisted of a total price for the building and the property. The appellant did offer testimony indicating the condition of the dwelling. The plaintiff had appealed to the Board of Tax Review and a hearing was held reducing the fair market value of the land $214,400.00 whereby the 70 percent assessed value would be $150,080.00.
The court finds that the land value is fair with the exception of the detrimental flood hazard. Therefore, the court reduces the 70 percent valuation of the land from $150,080.00 to CT Page 12367 $140,000.00, a reduction of $10,080.00. The court further reduces the building from the assessed 70 percent valuation of $34,090.00 to $30,000.00, a reduction of $4,090.00. Therefore, the total assessed value at seventy percent of the FMV shall be as follows:
70% value of land: $140,000.00 (reduced from $150,080.00) 70% value of building: $ 30,000.00 (reduced from $ 34,090.00)Total 70% value: $170,000.00 (reduced from $184,170.00)
Therefore, the court reduces the said assessment at 70 percent of fair market value accordingly, and notifies the City of Milford to reduce said assessment as indicated above. This is a reduction of $14,170.00. Judgment is hereby entered for the plaintiff in the reduction amount of $14,170.00 from the date of assessment, with interest and costs. This judgment is entered in accordance with the Public Act 91-221.
BY THE COURT,
Mancini, J. State Trial Referee